1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT TECHNOLOGY LICENSING, LLC,

Plaintiff,

v.

KYOCERA CORPORATION and KYOCERA COMMUNICATIONS, INC.,

Defendants.

No. 2:15-cv-346

**COMPLAINT**

**JURY TRIAL DEMANDED**

14    Plaintiff Microsoft Technology Licensing, LLC ("MTL" or "Plaintiff"), for its complaint

15  against Kyocera Corporation ("Kyocera Japan") and Kyocera Communications, Inc. ("Kyocera

16  USA"), (collectively, "Kyocera" or "Defendants") hereby alleges as follows:

17                                    **<u>INTRODUCTION</u>**

18    1.    Since its founding in 1975, Microsoft Corporation, the parent of MTL (collectively,

19  Microsoft Corporation and MTL are hereinafter "Microsoft"), has been a worldwide leader and

20  innovator in software products, services and devices for consumers and business users.  Microsoft

21  was an early pioneer in the development of personal computers and smartphones and has led the

22  development of generation after generation of products that are part of the fabric of our digital

23  lifestyle today.  Through the investment of billions of dollars in research and development, Microsoft

24  has become one of the world's leading technology companies, garnering over 60,000 patents

25  worldwide and regularly ranking in the top five companies in the number of issued patents.

COMPLAINT – Page 1

**CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE** LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

2.	A research team led out of Microsoft's Redmond, Washington headquarters has worked diligently to keep Microsoft at the cutting edge. In the 1990s and 2000s, Microsoft developed numerous inventions which later became critical to the operation of today's small computing devices, ranging from techniques for increasing battery life and leveraging computing power to systems for making mobile devices aware of the world around them. Each and every day, hundreds of millions of smartphone users all over the world use these inventions.

3.	Although research and development comes at great cost and risk, Microsoft was founded on innovation, and the company continues to choose the path of the innovator. But others have a different approach, waiting for innovators like Microsoft to bear the expense of developing new technologies and then incorporating the most successful inventions into their own products – without permission and without paying for the privilege. The patent laws prohibit such conduct, and Microsoft brings this case to vindicate its rights and to protect its substantial investment in research and development.

## PARTIES

4.	MTL is a limited-liability company organized under the laws of the state of Washington, with its principal place of business at One Microsoft Way, Redmond, Washington 98052. MTL is a wholly-owned subsidiary of Microsoft Corporation.

5.	On information and belief, Defendant Kyocera Japan is a corporation organized under the laws of Japan, with its principal place of business located at 6 Takeda Tobadono-cho, Fushimi-ku, Kyoto, 512-8501, Japan. Kyocera Japan is in the business of developing, manufacturing, and selling electronic devices. Such devices include, but are not limited to, cellular telephones.

6.	On information and belief, Defendant Kyocera USA is a corporation organized under the laws Delaware, with its principal place of business located at 9520 Towne Centre Drive, San Diego, CA 92121 U.S.A. Kyocera USA is in the business of developing, importing, servicing, and selling electronic devices. Such devices include, but are not limited to, cellular telephones.

COMPLAINT – Page 2

**CORR CRONIN MICHELSON**
**BAUMGARDNER FOGG & MOORE** LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

**NATURE OF THE ACTION**

2          7.      This is a civil action for the infringement of United States Reissue Patent No. 40,989,

3    United States Patent No. 7,137,117, United States Patent No. 7,289,102, United States Patent No.

4    6,349,344, United States Patent No. 7,062,274, United States Patent No. 7,062,715 and United States

5    Patent No. 7,050,408 (collectively the "Patents-In-Suit") and arising under the patent laws of the

6    United States, 35 U.S.C. § 1, *et seq.*

7

**JURISDICTION AND VENUE**

8          8.      This Court has original jurisdiction over the subject matter of this complaint under 28

9    U.S.C. § 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §

10   271, *et seq.*  This Court also has original jurisdiction over the subject matter of this complaint under

11   28 U.S.C. §§ 2201 and 2202 because there exists an actual controversy within its jurisdiction.

12         9.      The Defendants are subject to personal jurisdiction in the Western District of

13   Washington.  Upon information and belief, they regularly transact business in this judicial district

14   and division by, among other things, offering infringing products and services to customers, business

15   affiliates and partners located in this judicial district.  Such contacts include, upon information and

16   belief, entering into agreements with T-Mobile USA, which is based in Bellevue, Washington, for

17   the sale and provisioning of Kyocera phones on T-Mobile USA's wireless networks in the State of

18   Washington and throughout the United States.  With respect to other wireless carriers, Defendants

19   place infringing cell phones in the stream of commerce with full knowledge that these phones will be

20   sold in the State of Washington, and as discussed below, Defendants induce direct infringement in

21   this district.

22         10.     Venue in this district is proper under 28 U.S.C. §§ 1400(b) and 1391(b) and (c),

23   because the Defendants are subject to personal jurisdiction in this district and have committed and

24   induced acts of infringement in this district.

25

COMPLAINT – Page 3

**CORR CRONIN MICHELSON**
**BAUMGARDNER FOGG & MOORE** LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

## **FACTUAL BACKGROUND**

2      11.    MTL is a wholly-owned subsidiary of Microsoft Corporation and is the owner by

3  assignment of all right, title and interest to the Patents-In-Suit.

4      12.    MTL holds patents issued on inventions created by Microsoft inventors, and the

5  company works closely with Microsoft Corporation in licensing and protecting Microsoft patented

6  inventions.

7      13.    The seven patents at issue in this case demonstrate the breadth of the Microsoft patent

8  portfolio and the substantial contributions that Microsoft has made to the world of mobile devices.

9      14.    On November 17, 2009, United States Patent No. RE 40,989 ("the '989 Patent") titled

10  "Atomic Operations on Data Structures" was duly and lawfully issued by the United States Patent

11  and Trademark Office ("PTO").  A true and correct copy of the '989 Patent is attached hereto as

12  Exhibit A.

13      15.    The '989 Patent solved a fundamental problem relating to the efficient sharing of data

14  in computer systems that permit multiple tasks to be performed at the same time.  Microsoft's '989

15  Patent taught the world how to permit different threads of execution to efficiently read and write

16  shared data of arbitrary size without risking corruption and error.  The invention is of particular use

17  in the mobile environment where speed of processing is an important constraint.

18      16.    On November 14, 2006, United States Patent No. 7,137,117 ("the '117 Patent") titled

19  "Dynamically Variable Idle Time Thread Scheduling" was duly and lawfully issued by the PTO.  A

20  true and correct copy of the '117 Patent is attached hereto as Exhibit B.

21      17.    The '117 Patent teaches how to enable a portable device to run for long periods of

22  time on a single battery charge.  Operating systems that predated the '117 Patent typically provided

23  power to most of a device even when there was little work to do, thereby draining the battery rapidly.

24  With its invention claimed in the '117 Patent, Microsoft demonstrated how to use a sophisticated

25  power management technique to enhance battery life.

COMPLAINT – Page 4

**CORR CRONIN MICHELSON**
**BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    18.    On October 30, 2007, United States Patent No. 7,289,102 ("the '102 Patent") titled

2  "Method and Apparatus Using Multiple Sensors in a Device with a Display" was duly and lawfully

3  issued by the PTO.  A true and correct copy of the '102 Patent is attached hereto as Exhibit C.

4    19.    Unlike desktop computers or notebooks, users move with their handheld devices,

5  changing the orientation of the screen frequently.  Microsoft recognized that the user experience could

6  be improved dramatically if the device could "know" when it was changing orientation or the user

7  was changing the viewing angle.  Microsoft researchers, using state of the art accelerometers to

8  measure motion, developed a way for devices to not only sense their own orientation, but to rotate

9  the display appropriately and even determine whether the device was being placed on a stationary

10  object like a table or counter.

11    20.    On February 19, 2002, United States Patent No. 6,349,344 ("the '344 Patent") titled

12  "Combining Multiple Java Class Files into a Run-Time Image" was duly and lawfully issued by the

13  PTO.  A true and correct copy of the '344 Patent is attached hereto as Exhibit D.

14    21.    Challenged with how to run Java on a truly mobile device, Microsoft's researchers

15  took a new approach to compiling Java applications, which reduces the amount of memory such

16  applications need, while also reducing their time to start.  Microsoft's '344 Patent teaches a more

17  efficient way to run applications on portable devices, paving the way for powerful applications on

18  small, handheld devices like modern smartphones.

19    22.    On June 13, 2006, United States Patent No. 7,062,274 ("the '274 Patent") titled

20  "Increasing the Level of Automation when Establishing and Managing Network Connections" was

21  duly and lawfully issued by the PTO.  A true and correct copy of the '274 Patent is attached hereto

22  as Exhibit E.

23    23.    Microsoft's '274 Patent solved a fundamental problem in computer networking with

24  the invention of a way to allow software to efficiently access a remote resource, such as data on a

25

COMPLAINT – Page 5

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1  different server.  The invention describes a software connection manager which handles the burden

2  of determining and establishing the appropriate connection, taking the burden off the user.

3      24.     On June 13, 2006, United States Patent No. 7,062,715 ("the '715 Patent") titled

4  "Supplying Notifications Related to Supply and Consumption of User Context Data" was duly and

5  lawfully issued by the PTO.  A true and correct copy of the '715 Patent is attached hereto as Exhibit

6  F.

7      25.     Microsoft recognized that users could benefit from devices that were "self-aware" and

8  knew, for instance, whether the device was being held by a user who was walking or was in a vehicle,

9  and whether the device was approaching a location of interest.  Microsoft researchers went to work

10  and developed a way for software applications to obtain information about important changes in the

11  environment without requiring a programmer to write code to read individual sensors or integrate the

12  information from them.  Microsoft's invention claimed in the '715 Patent enables applications on

13  mobile computers, including modern smartphones, to become aware of the changes in a user's

14  surroundings that are important to the user and to take appropriate action.

15      26.     On May 23, 2006, United States Patent No. 7,050,408 ("the '408 Patent") titled

16  "Communicating Multi-Part Messages between Cellular Devices Using a Standardized Interface"

17  was duly and lawfully issued by the PTO.  A true and correct copy of the '408 Patent is attached

18  hereto as Exhibit G.

19      27.     Microsoft's invention claimed in the '408 Patent created an easy way for diverse

20  applications to receive long text messages, like those supported by modern smartphones.  The '408

21  Patent teaches an efficient and reliable way to receive, reassemble, and process such messages.

22      28.     The foregoing selection of patents from the MTL portfolio demonstrates just a few of

23  the inventions that Microsoft has brought to the world of computing that are in widespread use in

24  today's smartphones.

25

COMPLAINT – Page 6

**CORR CRONIN MICHELSON**
**BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## COUNT I

### (Defendants' Infringement of the '989 Patent)

29.     Paragraphs 1 through 28 are incorporated by reference as if fully restated herein.

30.     MTL is the owner by assignment of the '989 Patent and has all right, title and interest in the '989 Patent, including the right to sue and recover damages for infringement thereof.

31.     Kyocera has infringed the '989  Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing in or into the United States products and/or processes falling within the scope of one or more claims of the '989 patent, without authority and in violation of 35 U.S.C. § 271(a).  Among such infringing products are cellular telephones, including but not limited to, Kyocera's Duraforce, Hydro, and Brigadier lines of cellular telephones.

32.     Defendants actively, knowingly, and intentionally induce, and continue to actively, knowingly, and intentionally induce, infringement of the '989 Patent in violation of 35 U.S.C. § 271(b) by making, using, offering for sale, importing, and selling infringing consumer electronics devices, including without limitation its Duraforce, Hydro, and Brigadier lines of cellular telephones, all with knowledge, at least as of the date of this suit, of the '989 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import infringing consumer electronics devices, which devices necessarily infringe the '989 Patent through the operation of the Android kernel software on them whenever they are powered on; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing consumer electronics devices, including by encouraging customers to turn on and use such devices.

33.     Defendants have contributed to and will continue to contribute to the infringement of end users in violation of 35 U.S.C. § 271(c), by selling, offering to sell, and importing infringing consumer electronics devices and software modules, including but not limited to its Duraforce, Hydro, and Brigadier lines of cellular telephones and the software modules which perform the steps

COMPLAINT – Page 7

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    described in the '989 Patent, knowing that those products constitute a material part of the inventions

2    of the '989 Patent, knowing those products to be especially made or adapted to infringe the '989

3    Patent, and knowing that those products are not staple articles or commodities of commerce suitable

4    for substantial non-infringing use.

5        34.    Defendants have had knowledge of and actual notice of the '989 Patent and their

6    infringement since at least, and through, the filing and service of the Complaint, and despite this

7    knowledge will, upon information and belief, continue to infringe the '989 Patent.

8        35.    Defendants' infringement has caused and is continuing to cause damage and

9    irreparable injury to MTL, and MTL will continue to suffer such injury unless and until infringement

10   is enjoined by this Court.

11       36.    MTL is entitled to injunctive relief and damages pursuant to 35 U.S.C. §§ 271, 281,

12   283 and 284.

### COUNT II

### (Kyocera's Infringement of the '117 Patent)

15       37.    Paragraphs 1 through 36 are incorporated by reference as if fully restated herein.

16       38.    MTL is the owner by assignment of the '117 Patent and has all right, title and interest

17   in the '117 patent, including the right to sue and recover damages for infringement thereof.

18       39.    Kyocera has infringed the '117 Patent, literally and/or under the doctrine of

19   equivalents, by making, using, offering to sell, selling and/or importing in or into the United States

20   products and/or processes falling within the scope of one or more claims of the '117 Patent, without

21   authority and in violation of 35 U.S.C. § 271(a).  Among such infringing products are cellular

22   telephones, including but not limited to, Kyocera's Duraforce, Hydro, and Brigadier lines of cellular

23   telephones.

24       40.    Defendants actively, knowingly, and intentionally induce, and continue to actively,

25   knowingly, and intentionally induce, infringement of the '117  Patent in violation of 35 U.S.C. §

COMPLAINT – Page 8

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

271(b) by making, using, offering for sale, importing, and selling infringing consumer electronics devices, including without limitation its Duraforce, Hydro, and Brigadier lines of cellular telephones, all with knowledge, at least as of the date of this suit, of the '117 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import infringing consumer electronics devices, which devices necessarily infringe the '117 Patent through the operation of the Android kernel software on them whenever they are powered on; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing consumer electronics devices, including by encouraging customers to turn on and use such devices.

41.     Defendants have contributed to and will continue to contribute to the infringement of end users in violation of 35 U.S.C. § 271(c), by selling, offering to sell, and importing infringing consumer electronics devices and software modules, including but not limited to its Duraforce, Hydro, and Brigadier lines of cellular telephones and the software modules which perform the steps described in the '117 Patent, knowing that those products constitute a material part of the inventions of the '117 Patent, knowing those products to be especially made or adapted to infringe the '117 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

42.     Defendants have had knowledge of and actual notice of the '117 Patent and their infringement since at least, and through, the filing and service of the Complaint, and despite this knowledge will, upon information and belief, continue to infringe the '117 Patent.

43.     Defendants' infringement has caused and is continuing to cause damage and irreparable injury to MTL, and MTL will continue to suffer such injury unless and until infringement is enjoined by this Court.

44.     MTL is entitled to injunctive relief and damages pursuant to 35 U.S.C. §§ 271, 281, 283 and 284.

COMPLAINT – Page 9

**CORR CRONIN MICHELSON**
**BAUMGARDNER FOGG & MOORE** LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## COUNT III

### (Kyocera's Infringement of the '102 Patent)

45.     Paragraphs 1 through 44 are incorporated by reference as if fully restated herein.

46.     MTL is the owner by assignment of the '102 Patent and has all right, title and interest in the '102 Patent, including the right to sue and recover damages for infringement thereof.

47.     Kyocera has infringed the '102 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing in or into the United States products and/or processes falling within the scope of one or more claims of the '102 Patent, without authority and in violation of 35 U.S.C. § 271(a).  Among such infringing products are cellular telephones, including but not limited to, Kyocera's Duraforce, Hydro, and Brigadier lines of cellular telephones.

48.     Defendants actively, knowingly, and intentionally induce, and continue to actively, knowingly, and intentionally induce, infringement of the '102 Patent in violation of 35 U.S.C. § 271(b) by making, using, offering for sale, importing, and selling infringing consumer electronics devices, including without limitation its Duraforce, Hydro, and Brigadier lines of cellular telephones, all with knowledge, at least as of the date of this suit, of the '102 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import infringing consumer electronics devices, which devices infringe the '102 Patent through the operation of the Android user interface software on them during normal use; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing consumer electronics devices, including by encouraging customers to use such devices.

49.     Defendants have contributed to and will continue to contribute to the infringement of end users in violation of 35 U.S.C. § 271(c), by selling, offering to sell, and importing infringing consumer electronics devices and software modules, including but not limited to its Duraforce, Hydro, and Brigadier lines of cellular telephones and the software modules which perform the steps

COMPLAINT – Page 10

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

described in the '102 Patent, knowing that those products constitute a material part of the inventions of the '102 Patent, knowing those products to be especially made or adapted to infringe the '102 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

50.    Defendants have had knowledge of and actual notice of the '102 Patent and their infringement since at least, and through, the filing and service of the Complaint, and despite this knowledge will, upon information and belief, continue to infringe the '102 Patent.

51.    Defendants' infringement has caused and is continuing to cause damage and irreparable injury to MTL, and MTL will continue to suffer such injury unless and until infringement is enjoined by this Court.

52.    MTL is entitled to injunctive relief and damages pursuant to 35 U.S.C. §§ 271, 281, 283 and 284.

## COUNT IV

### (Kyocera's Infringement of the '344 Patent)

53.    Paragraphs 1 through 52 are incorporated by reference as if fully restated herein.

54.    MTL is the owner by assignment of the '344 Patent and has all right, title and interest in the '344 Patent, including the right to sue and recover damages for infringement thereof.

55.    Kyocera has infringed the '344 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing in or into the United States products and/or processes falling within the scope of one or more claims of the '344 Patent, without authority and in violation of 35 U.S.C. § 271(a).  Among such infringing products are cellular telephones, including but not limited to, Kyocera's Duraforce, Hydro, and Brigadier lines of cellular telephones.

56.    Defendants actively, knowingly, and intentionally induce, and continue to actively, knowingly, and intentionally induce, infringement of the '344 Patent in violation of 35 U.S.C. §

COMPLAINT – Page 11

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

271(b) by making, using, offering for sale, importing, and selling infringing consumer electronics devices, including without limitation its Duraforce, Hydro, and Brigadier lines of cellular telephones, all with knowledge, at least as of the date of this suit, of the '344 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import infringing consumer electronics devices, which devices infringe the '344 Patent through the operation of the run time system of the Android software on them during normal use; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing consumer electronics devices, including by encouraging customers to use such devices.

57. Defendants have contributed to and will continue to contribute to the infringement of end users in violation of 35 U.S.C. § 271(c), by selling, offering to sell, and importing infringing consumer electronics devices and software modules, including but not limited to its Duraforce, Hydro, and Brigadier lines of cellular telephones and the software modules which perform the steps described in the '344 Patent, knowing that those products constitute a material part of the inventions of the '344 Patent, knowing those products to be especially made or adapted to infringe the '344 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

58. Defendants have had knowledge of and actual notice of the '344 Patent and their infringement since at least, and through, the filing and service of the Complaint, and despite this knowledge will, upon information and belief, continue to infringe the '344 Patent.

59. Defendants' infringement has caused and is continuing to cause damage and irreparable injury to MTL, and MTL will continue to suffer such injury unless and until infringement is enjoined by this Court.

60. MTL is entitled to injunctive relief and damages pursuant to 35 U.S.C. §§ 271, 281, 283 and 284.

COMPLAINT – Page 12

**Corr Cronin Michelson Baumgardner Fogg & Moore LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

## COUNT V

2

### (Kyocera's Infringement of the '274 Patent)

3      61.    Paragraphs 1 through 60 are incorporated by reference as if fully restated herein.

4      62.    MTL is the owner by assignment of the '274 Patent and has all right, title and interest

5  in the '274 patent, including the right to sue and recover damages for infringement thereof.

6      63.    Kyocera has infringed the '274 Patent, literally and/or under the doctrine of

7  equivalents, by making, using, offering to sell selling and/or importing in or into the United States

8  products and/or processes falling within the scope of one or more claims of the '274 Patent, without

9  authority and in violation of 35 U.S.C. § 271(a).  Among such infringing products are cellular

10  telephones, including but not limited to, Kyocera's Duraforce, Hydro, and Brigadier lines of cellular

11  telephones.

12      64.    Defendants actively, knowingly, and intentionally induce, and continue to actively,

13  knowingly, and intentionally induce, infringement of the '274 Patent in violation of 35 U.S.C. §

14  271(b) by making, using, offering for sale, importing, and selling infringing consumer electronics

15  devices, including without limitation its Duraforce, Hydro, and Brigadier lines of cellular telephones,

16  all with knowledge, at least as of the date of this suit, of the '274 Patent and its claims; with knowledge

17  that its customers and end users will use, market, sell, offer to sell, and import infringing consumer

18  electronics devices, which devices infringe the '274 Patent through the operation of the Connectivity

19  Service software of the Android operating system on them during normal use of data services; and

20  with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses

21  of infringing consumer electronics devices, including by encouraging customers to use data services

22  on such devices.

23      65.    Defendants have contributed to and will continue to contribute to the infringement of

24  end users in violation of 35 U.S.C. § 271(c), by selling, offering to sell, and importing infringing

25  consumer electronics devices and software modules, including but not limited to its Duraforce,

COMPLAINT – Page 13

**CORR CRONIN MICHELSON**
**BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1   Hydro, and Brigadier lines of cellular telephones and the software modules which perform the steps

2   described in the '274 Patent, knowing that those products constitute a material part of the inventions

3   of the '274 Patent, knowing those products to be especially made or adapted to infringe the '274

4   Patent, and knowing that those products are not staple articles or commodities of commerce suitable

5   for substantial non-infringing use.

6   66.   Defendants have had knowledge of and actual notice of the '274 Patent and their

7   infringement since at least, and through, the filing and service of the Complaint, and despite this

8   knowledge will, upon information and belief, continue to infringe the '274 Patent.

9   67.   Defendants' infringement has caused and is continuing to cause damage and

10   irreparable injury to MTL, and MTL will continue to suffer such injury unless and until infringement

11   is enjoined by this Court.

12   68.   MTL is entitled to injunctive relief and damages pursuant to 35 U.S.C. §§ 271, 281,

13   283 and 284.

## COUNT VI

### (Kyocera's Infringement of the '715 Patent)

16   69.   Paragraphs 1 through 68 are incorporated by reference as if fully restated herein.

17   70.   MTL is the owner by assignment of the '715 Patent and has all right, title and interest

18   in the '715 Patent, including the right to sue and recover damages for infringement thereof.

19   71.   Kyocera has infringed the '715 Patent, literally and/or under the doctrine of

20   equivalents, by making, using, offering to sell, selling and/or importing in or into the United States

21   products and/or processes falling within the scope of one or more claims of the '715 Patent, without

22   authority and in violation of 35 U.S.C. § 271(a).  Among such infringing products are cellular

23   telephones, including but not limited to, Kyocera's Duraforce, Hydro, and Brigadier lines of cellular

24   telephones.

25

COMPLAINT – Page 14

**CORR CRONIN MICHELSON**
**BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1      72.    Defendants actively, knowingly, and intentionally induce, and continue to actively, knowingly, and intentionally induce, infringement of the '715 Patent in violation of 35 U.S.C. § 271(b) by making, using, offering for sale, importing, and selling infringing consumer electronics devices, including without limitation its Duraforce, Hydro, and Brigadier lines of cellular telephones, all with knowledge, at least as of the date of this suit, of the '715 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import infringing consumer electronics devices, which devices infringe the '715 Patent through the operation of the location services software of the Android operating system on them; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing consumer electronics devices, including by encouraging customers to use location services functionality on such devices.

73.    Defendants have contributed to and will continue to contribute to the infringement of end users in violation of 35 U.S.C. § 271(c), by selling, offering to sell, and importing infringing consumer electronics devices and software modules, including but not limited to its Duraforce, Hydro, and Brigadier lines of cellular telephones and the software modules which perform the steps described in the '715 Patent, knowing that those products constitute a material part of the inventions of the '715 Patent, knowing those products to be especially made or adapted to infringe the '715 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

74.    Defendants have had knowledge of and actual notice of the '715 Patent and their infringement since at least, and through, the filing and service of the Complaint, and despite this knowledge will, upon information and belief, continue to infringe the '715 Patent.

75.    Defendants' infringement has caused and is continuing to cause damage and irreparable injury to MTL, and MTL will continue to suffer such injury unless and until infringement is enjoined by this Court.

COMPLAINT – Page 15

**CORR CRONIN MICHELSON**
**BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

76.     MTL is entitled to injunctive relief and damages pursuant to 35 U.S.C. §§ 271, 281, 283 and 284.

## COUNT VII

### (Kyocera's Infringement of the '408 Patent)

77.     Paragraphs 1 through 76 are incorporated by reference as if fully restated herein.

78.     MTL is the owner by assignment of the '408 Patent and has all right, title and interest in the '408 Patent, including the right to sue and recover damages for infringement thereof.

79.     Kyocera has infringed the '408 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing in or into the United States products and/or processes falling within the scope of one or more claims of the '408 Patent, without authority and in violation of 35 U.S.C. § 271(a).   Among such infringing products are cellular telephones, including but not limited to, Kyocera's Duraforce, Hydro, and Brigadier lines of cellular telephones.

80.     Defendants actively, knowingly, and intentionally induce, and continue to actively, knowingly, and intentionally induce, infringement of the '408 Patent in violation of 35 U.S.C. § 271(b) by making, using, offering for sale, importing, and selling infringing consumer electronics devices, including without limitation its Duraforce, Hydro, and Brigadier lines of cellular telephones, all with knowledge, at least as of the date of this suit, of the '408 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import infringing consumer electronics devices, which devices infringe the '408 Patent through the operation of the text messaging software of the Android operating system on them during text messaging; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing consumer electronics devices, including by encouraging customers to use text messages on such devices.

COMPLAINT – Page 16

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

81.     Defendants have contributed to and will continue to contribute to the infringement of end users in violation of 35 U.S.C. § 271(c), by selling, offering to sell, and importing infringing consumer electronics devices and software modules, including but not limited to its Duraforce, Hydro, and Brigadier lines of cellular telephones and the software modules which perform the steps described in the '408 Patent, knowing that those products constitute a material part of the inventions of the '408 Patent, knowing those products to be especially made or adapted to infringe the '408 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

82.     Defendants have had knowledge of and actual notice of the '408 Patent and their infringement since at least, and through, the filing and service of the Complaint, and despite this knowledge will, upon information and belief, continue to infringe the '408 Patent.

83.     Defendants' infringement has caused and is continuing to cause damage and irreparable injury to MTL, and MTL will continue to suffer such injury unless and until infringement is enjoined by this Court.

84.     MTL is entitled to injunctive relief and damages pursuant to 35 U.S.C. §§ 271, 281, 283 and 284.

## COUNT VIII

### (Declaratory Judgment of Indirect Infringement)

85.     Paragraphs 1 through 84 are incorporated by reference as if fully restated herein.

86.     MTL seeks a declaratory judgment under 28 USC §§ 2201 and 2202 that the Patents-In-Suit are valid and infringed.

87.     Upon information and belief, the Kyocera Defendants intend to continue engaging in the acts described in Counts I through VII of the Complaint, and such conduct will violate 35 USC §§ 271.

COMPLAINT – Page 17

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

88.     There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

89.     MTL is entitled to a declaratory judgment that the Kyocera Defendants infringe one or more claims of each of the Patents-In-Suit.

## **PRAYER FOR RELIEF**

WHEREFORE, Microsoft Technology Licensing, LLC, respectfully requests the following relief:

a)     A judgment that the Kyocera Defendants have infringed the '989, '117, '102, '344, '274, '715 and '408 Patents;

b)     A judgment that the '989, '117, '102, '344, '274, '715 and '408 Patents are valid and enforceable;

c)     An award of all appropriate damages under 35 U.S.C. § 284 for Kyocera's past infringement, and any continuing or future infringement of the Patents-In-Suit, up until the date of such judgment;

d)     A declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285 and that MTL be awarded its reasonable attorneys' fees incurred in prosecuting this action;

e)     An award of damages for willful infringement under 35 U.S.C. § 285 starting from and after the date of the filing of the complaint;

f)     A judgment awarding MTL costs and expenses that it incurs in prosecuting this action; and

g)     The issuance of an injunction preliminarily and permanently enjoining the Kyocera Defendants from infringing the Patents-In-Suit and from using, selling or importing infringing devices in or into this country or inducing infringement thereof;

h)     Such further relief at law or in equity as the Court deems just and proper.

COMPLAINT – Page 18

**Corr Cronin Michelson Baumgardner Fogg & Moore llp**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

### <u>DEMAND FOR JURY TRIAL</u>

2

MTL hereby demands trial by jury on all claims and issues so triable.

3

DATED this 6th day of March, 2015.

4

5

CORR CRONIN MICHELSON
BAUMGARDNER & FOGG & MOORE LLP

6

7

/s/William F. Cronin_____
William F. Cronin, WSBA 8667

8

1001 Fourth Ave, Suite 3900
Seattle, WA 98154

9

Phone:  (206) 625-8600
wcronin@corrcronin.com

10

11

OF COUNSEL:

12

DECHERT LLP

13

Martin J. Black, *Pro Hac Vice* forthcoming
    martin.black@dechert.com

14

Robert L. Masterson, *Pro Hac Vice* forthcoming
    robert.masterson@dechert.com

15

Cira Centre 2929 Arch Street

16

Philadelphia, PA 19104
(215) 994-4000

17

18

S. Michael Song, *Pro Hac Vice* forthcoming
    michael.song@dechert.com

19

2440 W. El Camino Real, Suite 700
Mountain View, CA 94040-1499

20

(650) 813 4813

21

***Attorneys for Plaintiff***
***Microsoft Technology Licensing, LLC***

22

23

24

25

COMPLAINT – Page 19

**CORR CRONIN MICHELSON**
**BAUMGARDNER FOGG & MOORE** LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900